UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINTA HOLLINS, ) | CASE NO. C06-1225-MJP |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| METRO TRANSIT DIVISION, et al., ) | |
| Defendants. ) | |

Plaintiff Kinta Hollins (a.k.a. Ken Hollins), proceeding *pro se*, filed an *in forma pauperis* application, a proposed 42 U.S.C. § 1983 complaint, and a motion for appointment of counsel. (Dkt. 1) His complaint concerns an injury sustained while riding on a bus and names the bus driver "Fintch" and Metro Transit Division as defendants.

In order to state a claim under § 1983, a complaint must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d

REPORT AND RECOMMENDATION
PAGE -1

01 1350, 1355 (9th Cir. 1981). In this case, plaintiff alleges that he was injured as a result of a bus

02 making an abrupt stop. This is not a violation of a right secured by the Constitution and the laws

03 of the United States. Rather, it is a personal injury claim that appears to sound in negligence.

04       A local government unit or municipality can be sued as a "person" under § 1983. *Monell*

05 *v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be

06 held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose

07 liability on a municipality under § 1983 must identify municipal "policy" or "custom" that caused

08 his or her injury. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436

09 U.S. at 694). Accordingly, to hold the Metro Transit Division liable, plaintiff must establish that

10 the entity itself caused a constitutional deprivation pursuant to some official policy or custom. *See*

11 *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citing *Monell*, 436 U.S. at 691).

12 Plaintiff does not make or support an allegation of such a policy or custom in his proposed

13 complaint.

14       Accordingly, because of the deficiencies in plaintiff's proposed complaint, his *in forma*

15 *pauperis* application and motion for appointment of counsel should be denied and this action

16 dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

17       DATED this 29th day of August, 2006.

18

19                             Mary Alice Theiler
                            United States Magistrate Judge

20

21

22

REPORT AND RECOMMENDATION
PAGE -2